1923-50 Southern Iowa United States versus James Harrell. Good afternoon my name is Allison Guernsey and I am a clinical associate professor at the University of Iowa College of Law and admitted member of the Bar of Support. I'm here today to present Ms. Kayla Boyd. She will be presenting argument on behalf of May it please the court. When sentencing judges are permitted to use speculation in determining their sentences, judicial integrity is undermined and defendants won't get the opportunity to put that speculation to the test through the adversarial process. One individual who didn't get that opportunity is Mr. Harrell. The sentencing court erred in determining Mr. Harrell's sentence for two reasons. First, the court committed significant procedural error when it principally relied on speculation in determining its sentence. Second, the sentence was substantively unreasonable because the court failed to adequately consider Mr. Harrell's mental health and his rehabilitation in determining its sentence. First, the judicial court committed procedural error when it principally relied on  substantive error in determining Mr. Harrell's sentence in the record. Now there are specifically two instances of speculation that occurred in this case. The first is when the district court judge said if people knew that you had your criminal history and that you had a gun they would avoid you three blocks away. Now this first speculative statement about the community's perception of Mr. Harrell and the perception that he's dangerous has no basis in the record. Certainly the district court is permitted to make a conclusion based on record evidence that Mr. Harrell is a threat to the community but that conclusion is only allowed if it is based off of a fact in the record. But no such fact exists in this case. In fact, the record actually supports the opposite conclusion that Mr. Harrell was not a danger to his community. On two different occasions the magistrate judge, Judge Jackson in this case, found that Mr. Harrell was not a threat to the community. The first is at the detention hearing where the judge determined that Mr. Harrell could be released on supervision pending trial. That decision had to involve a finding that Mr. Harrell was not a danger to his community. The second instance is when Judge Jackson permitted Mr. Harrell once again to be on custody, out of custody, on probation. Isn't that though really just the judge's opinion? I mean it's inartfully stated but isn't it really just the judge's opinion that hey you've got a really bad criminal history and it's the kind of thing we hear all the time from district judges. What makes this different? In this case what makes it different despite the fact that Mr. Harrell has a criminal history is that he went above and beyond to voluntarily rehabilitate himself. Now this is a mitigating factor that is actually quite substantial in this case. The magistrate judge even found that Mr. Harrell had quote put his affairs in order and had done extremely well on supervision. And the fact of the matter is is that when Mr. Harrell voluntarily rehabilitated himself for the 15-month period that he was out of custody, this goes to show that he had that he had gone down the point of being a danger to the community. What about the earlier statement though, the statement about people wanting to avoid you three blocks away? I mean again inartfully stated but really a commentary on his criminal history. Your Honor, we would propose that that commentary is actually about Mr. Harrell's overall danger, the threat to the community, and even a commentary on his likelihood to recidivate in terms of speculating about whether he'd be walking down the street again with a gun and whether or not he would use that gun in a similar fashion here. And as we've seen in that in United States v. Stokes this court has determined that speculation like that without any record support is an error and it is a plain error. So in this case the commentary about the community's perception of Mr. Harrell is similar to that in United States v. Stokes where there is no record support for such a conclusion. And that leads to the second instance of speculation in this case and that's when the district court judge said that the Quad Cities has experienced extraordinary gun violence over the last decade. Now just like the first comment in this case this second instance of speculation has no record support whatsoever. Now the government in its argument argued that this gun violence was an increasing problem in the Quad Cities, however it failed to provide any evidence on the record to support that conclusion, something it certainly could have done. Counsel, even assuming that that was a statement that was not based on at least the record in this particular defendant's case, how do we how do we know or how how do we discern whether that's a principal reason for the decision? The district court gives a number of reasons for a particular sentence and expresses various concerns and accolades for what an individual person has done. How do we know that this one is a reversible error? We know that this is the principal basis for the sentencing determination because in looking at the sentencing transcript overall the court only focused or gave substantive explanation about these. In contrast for the other 3553A factors the judge merely stated something along the lines of I have considered the 3553A factors, I've considered his mental health, I have considered his mental health, I have considered his mental health, I have considered his mental health. That in juxtaposition to the length of commentary on this speculation would show that this was the principal basis rather than just one of many reasons for this judge to come to this conclusion. Now this test is laid out once again in United States v. Stokes about the principal basis and again in that case this court found that the principal basis was the speculation and found that that met the plain error standard. Now in other cases before this court such as United States v. Durr, Valderrama-Chavez and Bonnell, the court has found that there wasn't plain error without that principal basis. But one thing that we see in those cases that's not present here is that the court found in those cases the judge went for a thorough examination of the other 3553A factors. The word thorough actually appears in each of those two decisions important because in this case it certainly can't be said that the judge went through a thorough examination of the other 3553A factors. Now it's true that courts do not have to go into a long explanation of these factors but in order to determine if there was a plain error based on this procedural error we have to see how much time was spent talking about these other factors and here the court spent twice as long if not more talking about these speculative comments more than basically any other 3553A factor that could be considered in this case. Now seeing that this was the principal basis for the sentencing decision shows that Mr. Harrell's substantial rights were affected and this requires reversal. This leads directly to the second error that was  rehabilitation. Now this was found to be unreasonable. It was substantively unreasonable because the court failed to give adequate weight to two mitigating factors in this case. Mr. Harrell's mental health and Mr. Harrell's voluntary rehabilitation. Now we've heard a lot or the record shows a lot of testimony from Mr. Dan Tallman about both Mr. Harrell's mental health and his this case. If there ever were a case where a downward variance was justified based on this mitigating evidence this case was it. How do we when we're looking at the substantive reasonableness it's a it's a hard assessment for for the Court of Appeals to to make and you look at the record and you see the kinds of evidence that you're describing but you also see a concern expressed by the district court about the dangerous nature of the offense itself. How how are we to sort of wouldn't we be stepping in and doing the district court's job of weighing which is more important and which would weigh more heavily if we were to accept your argument? I don't think this court would be stepping over into the shoes of the district court if you were to accept that this is a that is that although the court talks about the dangerousness of this offense that directly leads into whether or not we're seeking to deter this kind of behavior in the future or whether the defendant is a threat to the community. And in United States v. Pepper the Supreme Court found that things like rehabilitation affect every single one of those kinds of determinations about deterrence, about the danger to the community, and about the dangerousness of the offense. And when a district court fails to adequately consider rehabilitation in the light that it affects all of these other 3553 A factors it makes the sentence substantively unreasonable. And if there are no further questions I will reserve the rest of my time for rebuttal. Thank you. You may. Mr. Ripley. Thank you Your Honor. Good afternoon. Will Ripley on behalf of the government. May it please the court. In this case the district court committed no error. Not when it referenced that the Quad Cities the community in which it was sitting has experienced extraordinary gun violence over the last decade and not when it employed a rhetorical device to further describe the serious and aggravating nature of this offense. It's important I least to highlight that these two comments about which Mr. Harrell complains were part of the beginning of the court describing the various factors that it was considering including of course the seriousness of the offense. It described it the offense as one in its aggravated form including shots fired and eluding from the police at high speeds and placing specific people in the community in danger. The very next sentence is the one referencing the extraordinary gun violence. And two sentences after that is the court stating that if people knew that you had your criminal history and that you had a gun they would avoid you three blocks away. Again, it was simply the district court not engaging in speculation or any sort of guessing as to what might happen in the future or anything like that. It was simply the district court indicating that this was an incredibly serious offense and that the person who committed it has a history of danger. You said rhetorical what? I said device your honor rhetorical device. Sort of an elegance to it. I shouldn't say elegance. Maybe. My point is simply that it was just the way that the district court was describing why as it sat there and looked at the record, things actually in the record, the offense conduct as described in the PSR and of why this entire package of sentencing was very aggravating. Would you agree that the other statement at issue, the one about the Quad Cities in general and the decade-long increase of gun violence and that concern, that that's a different type of statement than the one you've called a rhetorical device to sort of sum up the district court's impressions of the defendant himself? Yes I think the two statements are different your honor. I would agree with that. And so why isn't it error to rely on sort of a general statistic for which there is no, at least nothing in this particular record and I think the parties agree on that. Why isn't that at least at the you know out of the gate error? Because I don't believe that it was used, that it was relied on I understand. It's not a principal reason. So I'd like to keep you at the error stage though if you think it was proper to rely on this kind of a statement, the the one about the Quad Cities. What's your view on that? Is it improper to make that statement in support of a sentence? The way in which I interpret this statement your honor, our position is that this one wasn't but of generally relying on facts not in the record certainly can be error. I'm not suggesting that of course. But I think here again when you consider that this sentence came immediately after the district court describing the aggravated nature of this, that shots were fired at an occupied vehicle, etc. And that the end of the sentence, well the whole sentence reads, the Quad Cities has experienced extraordinary gun violence over the last decade and this is part of it. In other words this is an extraordinarily violent offense. That is I think the way in which this sentence was utilized and for that reason your honor I don't believe it was error. But certainly if the court disagrees and finds that it was error then yes we are on to the next stage which is that it still doesn't require reversal and remand because there's on the record we have our position is that this did not affect Mr. Harrell's substantial rights and it certainly didn't undercut the fairness or the perception of the judicial process your honor. On that second issue or the second statement you know we often see the district judges rely on their own experience in their courtrooms and I district court sentencing recommendation. Do you think this was one of those instances where the district court judge may have seen a lot of these gun cases and it's within the realm of what he's seen and he's making a statement that hey there's a lot of gun violence in the Quad Cities and this is a prototypical example of what I see or do you interpret it differently along the lines that Judge Kelly has suggested? No I see it Judge Strauss much in the particular judge has served in the district which includes the Quad Cities for approximately 13 years I suppose it would be at the time of sentencing less maybe around 12 but certainly in excess of a decade and quite frankly that's probably why he used the phrase the last decade in this sentence is it did kind of refer to what he has seen and that certainly would not be error and I in a footnote that it's it's readily available anyone familiar with the community would know that there is a gun violence issue in the Quad City and so yes your honor I do believe he used it in that sense that you described. You know on the first one I wanted to ask you too I view it as less rhetorical device and a little bit of hyperbole quite frankly it was a bit of a it concerns me when I see hyperbolic statements like that because it's I think it's probably exaggeration what's your response to that? Well again with it coming immediately after there's a there's a four-word sentence in between the two contested sentences that sentence is this is right downtown just kind of indicating that it's a populated area referring to the alluding and why that would be a dangerous why that was a dangerous part of the offense conduct but your honor to respond to you with it coming also within the totality of the judge's description of why this was a serious offense which of course the nature and circumstances of the offense clearly one of the factors and sometimes it can be a driving factor behind sentencing's and there's nothing erroneous about that it came they came back to back essentially with the exception of the downtown reference and because of that if it was hyperbolic your honor again I just don't see it as erroneous because it is part and parcel with the court's description of the seriousness of this particular offense not speculative of what mr. Harrell might do in the future not speculative of what mr. Harrell may have done in the past that isn't captured in either the PSR or or or some other part of the record like like the Stokes case and so I just don't think it was erroneous but again if the court disagrees and finds that there was error here the government's position is that there's just there's just not a showing on this record that this affected mr. Harrell's substantial rights which does dovetail I would agree with counsel that that then starts to the analysis I suppose parallels the second overall issue in the case which is the substance of reasonableness of the sentence and with the presumption of reasonableness that comes with a guideline sentence with the court there was just no error here mr. Harrell claims that the district court didn't adequately consider the various mitigating factors but the record doesn't support that the district court explicitly stated it considered all the mitigating factors and in fact with respect to those the mental health considerations work history post-offense rehabilitation none of which actually is yes it was not it was relatively brief but of course there's no requirement in the law that the court go into an explicit very detailed recitation of things it I would also point out again that given the nature of this offense the fact that shots were fired at a vehicle occupied by two women in fact struck the vehicle there was damage to the vehicle from a bullet hole and then the incredibly reckless eluding that followed minutes thereafter at the we're sitting here with mr. Harrell having received the low-end sentence of the guidelines and I think given the extreme aggravation that is shown in the offense conduct the fact that we have a low-end sentence it's certainly not this positive but it definitely is indicative of the fact that the district court considered all of those mitigating factors that were part of the record and unless there's other questions I believe my time is up thank you thank you counsel you have some rebuttal in its brief and again here today the government admits that the district court judge relied on his own personal experience and while that may be the natural thing to do for a judge like the experience does not always align with objective reality and personal experience is not evidence through our adversarial process we require that evidence be admitted and put to the test and that district court judges make their sentencing determination based on these tested facts mr. Harrell did not get that opportunity today and in this case so that's why we are asking this court and remand for resentencing thank you very much